**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **OFFICER ANDREW MORALES; Plaintiff,** ) | |
| ) | **No. 16 CV 7023** |
| **v.** ) | |
| ) | **Judge John J. Tharp, Jr.** |
| **STONE PARK BOARD OF FIRE AND** ) | |
| **POLICE COMMISSIONERS, and CHIEF** ) | |
| **CHRISTOPHER PAVINI;** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT CHIEF CHRISTOPHER PAVINI'S**
**RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant Chief Christopher Pavini ("Defendant" or "Pavini"), by and through his attorneys, Timothy E. Guare and Jessica A. Walker, of Hodges, Loizzi, Eisenhammer, Rodick & Kohn, LLP, and hereby states the following in support of his motion to dismiss Andrew Morales' ("Plaintiff" or "Morales") Amended Complaint:

## I.        INTRODUCTION

This matter involves a disciplinary investigation by Chief Pavini into the alleged misconduct of Plaintiff Morales, a police officer of the Village of Stone Park Police Department. Charges seeking Morales' discharge are presently pending before the Defendant Board of Fire and Police Commissioners, a lawfully-constituted administrative body created by the *Illinois Board of Fire & Police Commissioners Act,* 65 ILCS 5/10-2.1-1 *et seq.* (the *"Act"*). In his Amended Complaint, Plaintiff claims the Defendant Board of Fire & Police Commissioners deprived him of due process by untimely filing Charges against him, based on Plaintiff's unilateral interpretation of the parties' collective bargaining agreement. For the following reasons, Defendant prays that this Court will dismiss Plaintiff's Amended Complaint.

## II.     FACTUAL BACKGROUND

In February 2016, Defendant Chief Pavini received reports that Plaintiff was failing to perform his assigned duties. (Am. Cp., pp. 58-60). Although Chief Pavini provided Plaintiff with verbal and written warnings, Plaintiff's performance did not improve. (Am. Cp., p.58). On March 22, 2016, Chief Pavini placed Plaintiff on paid administrative leave, pending an investigation into the reports of his misperformance.  (Am. Cp., p.59).

Plaintiff is a member of Illinois Council of Police ("Union"), which is a party to a collective bargaining agreement ("CBA") with Plaintiff's' employer, the Village of Stone Park. Section 6.5 of the CBA provides that, generally, investigations should be concluded within 90 days of their commencement (Am. Cp., p.32). By April 18, 2016, Defendant Pavini had not completed his investigation and sent an e-mail to the Union, advising the Union of the need for an extension to May 30, 2016 (Am. Cp., ¶23). On April 19, 2016, the Union responded by e-mail, agreeing to extend the time to complete the investigation to May 30, 2016. (Am. Cp., ¶24).

The Village notified Plaintiff that it was prepared to file charges with Defendant Village of Stone Park Board of Fire and Police Commissioners seeking Plaintiff's discharge on May 24, 2016. (Am. Cp., ¶25). Section 6.6 of the CBA permits Plaintiff to grieve the Village's decision to discharge and have his case heard by an arbitrator instead of the Board. (Am. Cp., p.32). Therefore, the Village's attorney sent a letter to Plaintiff's attorney stating: "If Officer Morales would prefer to have his case heard by the Board, either let us know of his election or, if five (5) business days elapse and we hear nothing from you or him, we will file our Charges with the Board." (Am. Cp, p.47). The letter enclosed a copy of the draft Charges for Plaintiff to review.

On June 3, 2016, the Defendant Pavini issued Plaintiff a document entitled "Charges Against Officer Andrew Morales." This document set forth the allegations against Plaintiff,

including the allegation that Plaintiff failed and refused to perform job-related functions and instead watched television during paid on-duty time. The Charges requested that Plaintiff be terminated from his employment with the Village of Stone Park. (Am. Cp., pp.16-20).

By its original Complaint in this case, Plaintiff now seeks to enjoin the Board from proceeding to hear the Charges against Plaintiff.[1] Plaintiff argues that the Board has no authority to proceed with the termination hearing under the CBA's timeline and therefore the "proposed hearing on charges before the [Commission] without jurisdiction is a deprivation of Plaintiff's due process rights . . . ." (Am. Cp, ¶ 38). Plaintiff's Amended Complaint, however, fails to state sufficient facts to support his due process claims and should be dismissed.

## III.    ARGUMENT

### A.    Standard of Review

To survive a 12(b)(6) motion, a complaint must contain "sufficient facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint must provide the grounds of the claimant's entitlement to relief, contain more than formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.    Plaintiff fails to state a cause of action under the Due Process Clause of the Fourteenth Amendment.

Plaintiff claims Defendants deprived him of his "due process rights in his employment as a police officer secured by 42 U.S.C. §1983" by filing the Charges against him after the May 30, 2016 due date. (Am. Cp., ¶ 36). Plaintiffs' Amended Complaint, however, fails to state a claim

---

[1] The Board conducted a formal hearing on the Charges seeking Plaintiff's termination on August 1, 2, and 4, 2016; however, as of the time of filing of this Motion, the Board has not yet rendered any decision on the Charges, and Morales has not yet been terminated.

alleging deprivations of property in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff has received all procedural protections required under the Due Process Clause, and he does not have a substantive property right to certain pre-termination procedures.

"A procedural due process violation occurs when (1) conduct by someone acting under the color of state law; (2) deprives the plaintiff of a protected property interest; (3) without due process of law." *Redd v. Nolan*, 663 F.3d 287, 296 (7th Cir. 2011) (citing *Germano v. Winnebago County*, 403 F.3d 926, 927 (7th Cir. 2005)). Constitutionally-required procedural due process for any public employee who is contractually protected by a "for cause" standard for discipline or discharge was long ago defined by the Supreme Court in *Cleveland Bd. Of Education v. Loudermill,* 470 U.S. 532 (1985) *("Loudermill").* In *Loudermill,* the Court determined that, under the Fifth and Fourteenth Amendments, the pre-termination "process" that was "due" to employees like Plaintiff is limited to:

     (a)     oral or written notice of the charges against him;

     (b)     an explanation of the evidence; and

     (c)     an opportunity to present his side of the story.

*Id.* at 545-46. *Loudermill* protections are flexible, are minimal and, where (as here) there are full-blown post-deprivation procedures available and used, need only function as "an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 546-47.

Plaintiff's Amended Complaint does not claim that he has been deprived of any of *Loudermill's* protections. In fact, paragraphs 16, 18, 25, and 27 of the Amended Complaint all expressly state the Village delivered Plaintiff written notice of the Charges on May 24, 2016—a

full ten days before the Village filed the Charges with the Board. Plaintiff has therefore received detailed notice of the charges against him. Despite the CBA's grant of an election to utilize the CBA's grievance procedures, Plaintiff opted to present his case at a Board hearing (Am. Cp., p.32). Section 10–2.1–17 of the *Act* governs the Board's hearing at issue here, and provides:

> "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. * * * The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges. . . . In the conduct of this hearing, each member of the board shall have power to administer oaths and affirmations, and the board shall have power to secure by its subpoena both the attendance and testimony of witnesses and the production of books and papers relevant to the hearing."

It is important to note that these statutory procedural guarantees are all provided *pre-termination*. Morales, in his Amended Complaint, has not alleged that: (a) he has been deprived of an opportunity to conduct free and unfettered discovery; (b) he has been deprived of the opportunity to adduce the testimony of witnesses on his behalf, and/or to cross-examine witnesses who testified against him; or (c) that he has been deprived of a fair and impartial hearing. In short, the Amended Complaint does not articulate any viable claim of a deprivation of procedural due process.

In addition, Plaintiff has not alleged a violation of his substantive due process rights, as public employees do not have a property right to certain pre-termination procedures. *See Wudtke v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997) ("[I]n cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that available state remedies are inadequate, the plaintiff has not stated a substantive due process claim.").

Finally, the Amended Complaint fails to allege that Plaintiff has exhausted his state law

remedies. "Where state law remedies exist, a plaintiff must either avail [him]self of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty v. City of Chicago*, 75 F. 3d 318, 323 (7th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327, 339–40, 106 S.Ct. 677, 678–79, 88 L.Ed.2d 662 (1986)). Defendant Board, as a lawfully-constituted administrative body created by the *Act,* is bound by Section 17 of the *Act,* which provides the process for an expedited adjudication of disciplinary charges against police officers, *to wit*:

> "The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay."

Moreover, Section 17 of the *Act* further provides for full redress in the event that the charges are not sustained:

> "If the Board of Fire and Police Commissioners determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any."

Finally, if an officer chooses to challenge the findings of a board in circuit court, they can do so expeditiously as final administrative rulings are subject to the *Administrative Review Act,* 735 ILCS 5/3-101 *et seq.* Section 3-103 of the *Administrative Review Act* provides that:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision..."

Plaintiff seeks to bypass the very "full-blown, post-deprivation procedures" to which he is entitled under Illinois statutes. As such, his claim that he has been deprived of any "due process" right must be rejected.

**C.**     **Plaintiff's state law due process claims should be dismissed with prejudice.**

Where federal claims are dismissed before trial, a court may dismiss any appended state

law claims with prejudice. *See Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 307 (7th Cir. 1983) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). As the U.S. Supreme Court stated in *Gibbs*:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726 (footnotes omitted).

To the extent Plaintiff alludes to a state constitutional claim in his Amended Complaint, any such state claims also should be dismissed with prejudice. The disposition of Plaintiff's Illinois constitutional claims requires no further analysis than his federal due process claims. While the "Illinois Supreme Court has stated that it 'labor[s] under no self-imposed constraint to follow federal precedent in 'lockstep' in defining Illinois' due process protection," it has also "stressed that it has interpreted its constitution to provide citizens with greater protections than the federal constitution only in those instances where it has 'found an appropriate basis to do so.'" *Trejo v. Shoben*, 319 F.3d 878, 890 (7th Cir. 2003) (quoting *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 227 (1999)).

In fact, the Illinois Supreme Court has stated that "federal precedent interpreting the federal due process clause is useful as a guide in interpreting the Illinois provision." *Id.* In *Trejo*, for example, the Seventh Circuit dismissed a tenured teacher's state due process claim with prejudice, along with the teacher's federal due process claims. *Id.* at 889. The Court reasoned that the plaintiff failed to cite "any case law holding that an Illinois court has expanded and endowed non-tenured university professors with due process rights beyond those set forth by the Fourteenth Amendment" and it "refused to hold that the Illinois Constitution's Due Process Clause entitles

7

such probationary employees to additional rights beyond those provided under federal law." *Id.*

Like Plaintiff's federal due process claims, Plaintiff has failed to allege a violation of the Illinois Constitution. "When a state-law claim over which federal court has exercised supplemental jurisdiction is clearly without merit, it invades no state interest . . . for the federal court to dismiss the claim on the merits." *Coe v. County of Cook*, 162 F3d 491, 496 (7th Cir. 1998). Therefore, this Court should dismiss Plaintiff's state law claims with prejudice to avoid "a further, and futile, round of litigation in the state courts." *Id.*

## IV. CONCLUSION

In conclusion, Plaintiff has failed to allege sufficient facts supporting his federal and state due process claims. For these reasons, Defendants pray that the Court will dismiss the Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

Timothy E. Guare, No. 6186633
Jessica A. Walker, No. 6321679
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL 60005
(847) 670-9000
(847) 670-7334 (Facsimile)
*tguare@hlerk.com*
*jwalker@hlerk.com*

**CHIEF CHRISTOPHER PAVINI**

By: ___/s/ Timothy E. Guare___
One of the Attorneys for Defendant
Chief Christopher Pavini

## CERTIFICATE OF SERVICE

Jessica A. Walker, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendant's Memorandum in Support of His Motion to Dismiss Plaintiff's Amended Complaint** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois via its CM/ECF System on August 18, 2016, and was electronically served to each person listed below:

> Robert W. Trevarthen, Esq.
> RICHARD F. BLASS & ASSOCIATES, L.L.C.,
> 770 N. Church Rd., Suite H Elmhurst, Illinois 60126
> rwt@blass-law.com

By:  /s/ Jessica A. Walker
One of the Attorneys for Defendant
Chief Christopher Pavini

Timothy E. Guare, No. 6186633
Jessica A. Walker, No. 6321679
HODGES, LOIZZI,
EISENHAMMER, RODICK &
KOHN LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL 60005
(847) 670-9000
(847) 670-7334 (Facsimile)

394699_1